IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Henry W. Martin, Jr., #190394,   ) | |
| ) | C.A. No. 6:07-1116-HMH-WMC |
| Plaintiff,   ) | |
| ) | **OPINION & ORDER** |
| vs.   ) | |
| ) | |
| Earnestine M. Pepper,   ) | |
| ) | |
| Defendant.   ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Henry W. Martin, Jr. ("Martin"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 seeking to challenge a state circuit court's decision denying his motion to proceed in forma pauperis.[2] Magistrate Judge Catoe recommends that Martin's claims be dismissed without prejudice and without issuance and service of process.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] It is unclear whether Martin is attempting to appeal the denial of his motion to proceed in forma pauperis or is directly challenging the constitutionality of the relevant appellate fee requirements. Out of an abundance of caution, the Magistrate Judge addressed both possibilities in his Report and Recommendation.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from a case in the Greenville County Probate Court. The case involved the estate of Martin's father, Henry W. Martin, Sr., who died October 27, 2003. At issue in the probate case was the validity of a will, executed on May 7, 1998, which the Probate Court found to be valid. Martin attempted to appeal the decision of the Probate Court to the Greenville County Circuit Court but could not pay the $150 filing fee for the appeal. The Greenville County Circuit Court denied Martin's request to proceed in forma pauperis on May 24, 2005.

On September 8, 2005, Martin filed a notice of appeal with the South Carolina Court of Appeals. On December 1, 2005, the Honorable Jasper M. Cureton denied Martin's motion to proceed in forma pauperis because no statutory or constitutional provision provides for in forma pauperis status in cases involving a disputed will. In addition, the order gave Martin twenty days to pay the appellate filing fee and informed Martin that failure to pay the appropriate filing fees would result in dismissal of his appeal. A panel of the Court of Appeals confirmed the order on March 28, 2006. There is no evidence that Martin paid the filing fees.

On July 27, 2006, Martin attempted to appeal his case to the United States Court of Appeals for the Fourth Circuit. The clerk for the Fourth Circuit informed Martin in a letter dated August 2, 2006, that the Fourth Circuit did not have jurisdiction to consider his appeal. Martin filed the instant action on April 19, 2007.[3]

---

[3] See Houston v. Lack, 487 U.S. 266 (1988).

2

## II. DISCUSSION OF LAW

Magistrate Judge Catoe recommends that Martin's claims be dismissed without prejudice and without issuance and service of process. Magistrate Judge Catoe based this recommendation on the grounds that this court has no jurisdiction to hear an appeal from the Greenville County Circuit Court. (Report and Recommendation 5.) In addition, to the extent that Martin's claim can be construed as a direct challenge to the relevant South Carolina filing fee requirements, the Magistrate Judge found that Martin's case implicates no fundamental rights which would support a finding that the fees are unconstitutional. (Id. 6-7.)

Martin filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendations of the Magistrate Judge, the court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Martin's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection.

Martin objects to the Magistrate Judge's finding that Martin's right to appeal the Probate Court's decision does not implicate a fundamental right. (Objections 11.) Implicitly, Martin is arguing that South Carolina's relevant appellate filing fee requirements are unconstitutional. This argument is without merit.

3

The United States Supreme Court has held that certain filing fee requirements are unconstitutional if they bar access to fundamental rights. See, e.g., Boddie v. Connecticut, 401 U.S. 371, 382-83 (1971) (divorce); Little v. Streater, 452 U.S. 1, 16-17 (1981) (paternity); Burns v. Ohio, 360 U.S. 252, 257-58 (1959) (criminal appeals); M.L.B. v. S.L.J., 519 U.S. 102, 127-28 (1996) (termination of parental rights). However, Martin's right to appeal the Probate Court's decision regarding the validity of his father's will does not fall into this class of fundamental rights. See Ortwein v. Schwab, 410 U.S. 656, 659 (1973) (upholding an unwaivable filing fee requirement to appeal an adverse welfare decision because "no fundamental interest [was] gained or lost depending on the availability of the relief sought by appellants" (internal quotation marks omitted)). Therefore, to the extent Martin is directly challenging the constitutionality of South Carolina's relevant court filing fee requirements, he fails to demonstrate that the requirements are unconstitutional. Based on the foregoing, the court adopts the Report and Recommendation and dismisses Martin's complaint without prejudice and without issuance and service of process.

Therefore, it is

**ORDERED** that Martin's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 22, 2007

**NOTICE OF RIGHT TO APPEAL**

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.